## BURGESS *v.* GRAFFAM and others.

*(Circuit Court, D. Massachusetts. October 31, 1883.)*

TROVER — CONVERSION NECESSARY TO SUSTAIN ACTION IN TRESPASS — SALE BY JUDGMENT CREDITOR WITHOUT NOTICE TO DEBTOR — REMOVAL OF FURNITURE — DEMURRER.

The defendant A., having as a judgment creditor sold the land and house of the plaintiff for debt, and having permitted the year of redemption to expire without actual notice to the judgment debtor, entered the house, which was vacant, and caused the plaintiff's furniture to be removed by the defendants B. and C. to the store-house of defendant D. The plaintiffs brought an action containing counts in trespass and trover for removing and storing the plaintiff's furniture without notice to her. The answer of the defendant A. sets up his legal right to enter and take possession, and the answers of B., C., and D. allege the proper performance of what they were employed to do. *Held,* on demurrer to the answer, that the counts in trover could not be sustained, there having been no conversion, but that trespass would lie, since the plaintiff, not having notice of the change of title by the judgment sale, could not be counted a trespasser by leaving her furniture in the house, and was entitled to notice before the same was removed, and had the right to say where it should be put and with whom.

At Law.

*Warren & Brandeis*, for plaintiff.

*Gray, Cogswell & Appleton* and *W. L. Graffam*, for defendants.

LOWELL, J. In June, 1880, the defendant Graffam having, as a judgment creditor, sold the land and house of the plaintiff for a small debt, and having permitted the year of redemption to expire without actual notice to her, entered upon the house, which was vacant, and caused the plaintiff's furniture to be removed by the defendants Freeman, Elliot, and Hallahan, to the store-house of the defendant Eastman. In a suit in equity I held that no remedy could be had against these defendants and others for a conspiracy, because the conduct of Graffam, though harsh and immoral, was not illegal; but that the plaintiff might redeem her house from Graffam; and I intimated that if there were any remedy against the defendants for removing the furniture, it must be sought in an action of trespass or trover. *Burgess* v. *Graffam*, 10 FED. REP. 216.

This action contains counts in trespass and in trover, for removing and storing the plaintiff's furniture without notice to her.

The answer of each defendant contains a general denial, which is not objected to. In addition, the answer of Graffam alleges that he had both the right of property and the right of possession in the house; that he entered according to his right, and caused the furniture to be removed in a suitable and proper manner; and that the goods of the plaintiff were removed to a suitable and proper place, subject to the order of the plaintiff, of all which she was [afterwards] notified. The defendants Freeman, Elliot, and Hallahan answer that they were employed by Graffam to remove the furniture, which they did in a prudent and proper manner, and stored it in a suitable and proper place with the defendant Eastman. Eastman answers that he stored the goods in a suitable and proper manner, at the request of Graffam, and has always been ready to deliver them to the plaintiff.

To so much of the answers as contains the confession and avoidance, the plaintiff demurs.

The pleadings, and the case of *Burgess* v. *Graffam, supra,* to which both parties have referred in argument, show that these facts must be taken as true for the purposes of this demurrer: Graffam had the legal right to enter and possess the house; he made his entry without notice to the plaintiff, and gave her no notice of his intention to remove her furniture; but he did remove and store it in a safe place, without actual damage to the goods themselves; and then notified the plaintiff of what he had done.

The circumstances are unusual, and no cases very much in point have been cited in the able brief of the plaintiff. His analogy of the entry of a landlord upon a tenant at sufferance, is, however, pretty close; and in that case the tenant must be allowed a reasonable time to remove his goods. I am of opinion that the counts in trover can-

not be sustained, because there has been no conversion. *Spooner* v. *Manchester*, 133 Mass. 270, and cases cited in the opinion.

Trespass, on the other hand, will lie for nominal damages, at least. When the defendant Graffam, in the exercise of a legal right, made an entry, of which he knew that the plaintiff would not have actual notice, upon the vacant house which had lately been hers, it was, in my opinion, his duty to notify the plaintiff before he removed and stored her furniture. She had the right to say where it should be put, and with whom. The title to the house having been changed without her actual knowledge, she did not become a trespasser by leaving her furniture in the house until she had received such notice. Supposing that she is bound to some sort of constructive notice of the change of title by the sale upon the execution, and the expiration of the year of redemption, yet she was not bound by any such constructive notice to know when, if ever, the plaintiff would take possession of his newly acquired premises. ·He might have brought a writ of entry against her for the possession; or have taken it in some mode which would have informed her of his intention to take it. Graffam, therefore, had no right to put her furniture into the street, and no more right to store it with Eastman, though the damages for the one act may be very different from those which might have followed the other.

The answer is adjudged good to the counts in trover, but not to those in trespass.